

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Wiech
County Attorney
Cameron County

Brownsville, Texas

Dear Mr. Wiech:

> Opinion No. 0-2158
> Re: Does the right of redemption
> exist in a land owner where
> his property is foreclosed
> upon and sold out under
> court judgment?

This will acknowledge receipt of your letter of April 1, 1940, propounding the following case for a legal opinion from this department, to-wit:

> "In view of the provision in Article 7284, Revised Civil Statutes of Texas, 1925, which in part provides that, if the person having the right to redeem land sold at a tax sale is unable to agree with the purchaser on the amount of redemption money, the owner may redeem same by payment to the Collector of Taxes, and the several inconsistent redemption statutes now carried in the statutes, the Tax Collector of this County has requested that this office submit the matters to you for an opinion.

> "The immediate problem facing him is one in which an independent school district filed suit against X, the land owner, for taxes and a foreclosure of its tax lien against the property involved. Judgment was entered, foreclos-

Hon. Jack Wiech - page 2

ing the tax lien and under order of sale, the property was bought in by Y. X now proposes to pay the delinquent taxes due other taxing agencies, including the State and County, but desires first the assurance that, should X attempt within two years to redeem the said property, he, Y, will be repaid the taxes that he has voluntarily paid to the other taxing units.

* * *

"In view of the foregoing, may we be favored with your opinion upon the following queries, to-wit:

"1. Does the right of redemption exist in a land owner where his property is foreclosed upon and sold out under court judgment?

"2. Under the fact situation hereinabove outlined, could Y recover taxes voluntarily paid to taxing agencies other than the independent school district?

"3. Under the fact situation hereinabove outlined, would X, the land owner, during the first year of redemption, be required to pay an additional ten per cent as provided in Article 7283, or an additional twenty-five per cent as provided in Article 7345b, Section 12, or double the amount paid by the purchaser at the sale, as provided in Article 7284b?

"4. Should the Tax Collector of Cameron County, Texas, be called upon to accept redemption money under Article 7284, which of the several redemption statutes should he follow?"

Senate Bill No. 477, 45th Legislature, Ch. 506, Regular Session, p. 1494-a known as the "Taxing Units Act" is the latest legislative enactment touching the questions propounded by you.

Section 12 of that Act is as follows:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"In addition to redeeming direct from the purchaser as aforesaid, redemption may also be made upon the basis hereinabove defined, as provided in Articles 7284 and 7285 of the Revised Civil Statutes of Texas of 1925."

This section will furnish the basis for the reply to your respective questions, which we will answer categorically:

1. Yes. "Whenever land is sold under judgment in such suit for taxes, the owner of such property or anyone having

an interest therein or their heirs, as-
signs or legal representatives, may
within two years from the date of such
sale, has the right to redeem said pro-
perty * * * *.

2. Yes. Section 12 requires the owner, in
order to redeem his property, to pay in addition to the
bid by the purchaser and the $1.00 tax deed recording
fee "all taxes, penalties, interest and costs thereafter
paid thereon, plus 25% of the aggregate total" if redeem-
ed during the first year of the redemption period and
plus 50% of the aggregate total if the redemption is de-
ferred until the second year of the redemption period.
If, therefore, "Y", the purchaser, pays taxes to other
taxing agencies, such taxes will be added to the amount
of "Y's" bid, and must be paid by "X", the owner, as a
condition precedent to the owner's right of redemption.

3. Section 12, of Article 7345b, herein quoted,
governs the amount and character of payments the redemptor
is required to make to the purchaser. This conclusion is
not thought to be in conflict with our Opinion No. 0-643,
in which we reluctantly followed Hinkson vs. Lorenzo Inde-
pendent School District, 109 S. W. (2) 1008. Article
7345b, S. B. No. 477, 45th Legislature, which we here
follow, has been enacted since the decision of the above
case, and we are no longer constrained to follow its
reasoning. (See our Opinion No. 0-1965).

4. Where the owner finds that it is necessary,
under the provisions of Article 7284, to make redemption
by payment to the tax collector, the collector, in respect
to the terms of the redemption will be governed by Section
12 of S. B. No. 477, heretofore quoted in this opinion.

The validity of this Act has been upheld by the
Supreme Court in Mexia Independent School District vs. City
of Mexia, 133 S. W. (2) 118.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED APR 18, 1940

OS-MR

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE